UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERVON DEAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 08 C. 6735 |
| | ) Magistrate Judge Nolan |
| THE WACKENHUT CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shervon Dean (Dean) sued her former employer, The Wackenhut Corporation (Wackenhut), alleging that Wackenhut discriminated against her based on her sex (pregnancy), interfered with the exercise of her rights under the Family and Medical Leave Act (FMLA), and retaliated against her for taking FMLA leave. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and a three-day jury trial was held between December 5 and December 7, 2011. At trial, Dean moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) on her FMLA interference claim. The Court took the motion under advisement pending the jury's verdict. The jury returned a verdict in favor of Wackenhut on all three of Dean's claims. Following the jury verdict, Dean renewed her motion for judgment as a matter of law and in the alternative sought a new trial under Rules 50(b) and 59 of the Federal Rules of Civil Procedure. As explained below, Dean's motion for judgment as a matter of law and her renewed motion for judgment as a matter law or in the alternative for a new trial are denied.

## BACKGROUND

Wackenhut provides security services to private and government facilities throughout the United States. Dean was employed by Wackenhut as a security guard between January 2001 and December 2006. For most of her tenure, Dean was assigned to The Rookery building located at

209 S. LaSalle Street in Chicago, Illinois. In November 2006, Dean first learned she was pregnant with her first child. Trial Tr. 84, 114. On December 7, 2006, Dean requested in writing a day off of work on December 27, 2006 to attend a "prenatal care" doctor's appointment. Wackenhut denied Dean's as untimely on the ground that she failed to submit her request by a previously set October 31, 2006 deadline. Most of the events which followed were disputed at trial. It was undisputed, however, that Dean did not report to work after December 26, 2006. Dean contended that she attended her prenatal appointment on December 27, 2006 and while at the appointment received a voice mail message from a Wackenhut representative terminating her employment. According to Wackenhut, Dean voluntarily abandoned her job by failing to communicate with Wackenhut or report to Wackenhut's office as instructed after December 26, 2006.

**DISCUSSION**

**A.      Judgment as Matter of Law**

Rule 50 authorizes the entry of judgment as a matter of law if a party has been fully heard on an issue during a jury trial and "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). The relevant question is "whether the evidence as a whole, when combined with all reasonable inferences permissibly drawn from that evidence, is sufficient to allow a reasonable jury to find in favor of" the non-moving party. Hall v. Forest River, Inc., 536 F.3d 615, 619 (7th Cir. 2008). This standard mirrors the standard for granting summary judgment. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). In deciding a judgment as a matter of law motion, the court should consider all of the evidence, but must draw all reasonable inferences in favor of the non-moving party and must not make credibility determinations or weigh the evidence. Id.

Dean argues that the evidence was insufficient for a reasonable jury to find in Wackenhut's favor on her FMLA interference claim. To prevail on her FMLA interference claim, Dean had to

prove five elements: (1) she was eligible for the FMLA's protections, (2) Wackenhut was covered by the FMLA, (3) she was entitled to leave under the FMLA, (4) she provided sufficient notice of her intent to take leave, and (5) Wackenhut denied Dean FMLA benefits to which she was entitled. Burnett v. LFW Inc., 472 F.3d 471, 477 (7th Cir. 2006). As to the first two elements, Wackenhut did not dispute that Dean was an eligible employee and that it is an employer covered by the FMLA. Id. (noting that the first and second requirements concern the FMLA's years and hours–in-service eligibility requirements and the definition of which employers are subject to the FMLA's provisions); Doc. 86 at 5.

With regard to the third element, Wackenhut argues that Dean was not entitled to leave under the FMLA for "routine prenatal care." Doc. 124 at 6.[1] This argument is without merit. The evidence at trial established that Dean was entitled to leave under the FMLA. Under the FMLA, qualifying employees are entitled to up to twelve weeks of unpaid leave for a "serious health condition." 29 U.S.C. § 2612(a)(1)(D). A serious health condition is defined as "an illness, injury, impairment, or physical or mental condition that involves--(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). There was no evidence Dean spent time as an inpatient. Her claim is thus properly evaluated under the "continuing treatment" prong. The FMLA regulations define "continuing treatment by a health care provider" as including "[a]ny period of incapacity due to pregnancy, or for prenatal care." 29 C.F.R. § 825.114(a)(2)(ii).[2] There is no requirement that prenatal care be

---

[1] Wackenhut also devotes much of its brief to explaining why pregnancy *per se* does not constitute a serious health condition for purposes of the FMLA. Wackenhut's argument in this regard is irrelevant, however, because Dean did not seek FMLA leave based solely on the fact that she was pregnant.

[2] The FMLA regulations were updated effective January 16, 2009, and 29 C.F.R. § 825.114 is now found at § 825.115. The prior version of the regulations, which were effective during Dean's absence in 2006, are applicable here. Brown v. Automotive Components Holdings, LLC, 622 F.3d 685, 689 n. 4 (7th Cir. 2010).

for an abnormal pregnancy, only that the absence is "for prenatal care."  Contrary to Wackenhut's assertions, Dean was entitled to take leave for prenatal care without demonstrating that she suffered from any complications associated with her pregnancy or that her pregnancy caused her to be incapacitated from work.  It was undisputed at trial that Wackenhut knew Dean's request for time off on December 27, 2006 was for prenatal care.  Trial Tr. at 168, 235, 237; Def's Exhs. 4, 5.  No rational jury could have concluded that Dean did not have a serious health condition that entitled her to FMLA leave, and thus, Dean satisfied the third requirement.

The next question is whether a rational jury could have concluded that Dean provided sufficient notice under the FMLA and its regulations of her intent to take leave.  "When the employee fails to give his employer proper notice, the employer is under no duty to provide FMLA leave."  Righi v. SMC Corp., 632 F.3d 404, 408 (7th Cir. 2011).  The Court finds that no rational jury could conclude that Wackenhut did not have timely and sufficient notice of Dean's intent to take FMLA leave on December 27, 2006.

The content of Dean's notice to Wackenhut of her intent to take leave was sufficient.  Regarding the substantive requirements for notice, "it does not take much for an employee to invoke his rights; he must simply provide enough information 'to place the employer on notice of a probable basis for FMLA.'"  Righi, 632 F.3d at 409.  As Judge Posner has explained, the employee "doesn't have to write a brief demonstrating a legal entitlement.  He just has to give the employer enough information to establish probable cause, as it were, to believe that he is entitled to FMLA leave."  Aubuchon v. Knauf Fiberglass, 359 F.3d 950, 953 (7th Cir. 2004).  The applicable regulations make clear that an employee "need not expressly assert rights under the FMLA or even mention the FMLA" in his notice.  29 C.F.R. § 825.302(c).  The "Employee Request for Time Off" form submitted by Dean on December 7, 2006 indicating that she needed December 27, 2006 off work for a "prenatal care doctor's appt" adequately advised Wackenhut that Dean's absence would be due to a FMLA-qualifying reason.  Def's Exh. 4.

Dean also gave timely notice of her need for leave. Under the FMLA, "[i]f need for leave is foreseeable at least 30 days in advance, the employee must provide that much notice." Aubuchon, 359 F.3d at 951 (citing 29 U.S.C. § 2612(e)(2)(B); 29 C.F.R. § 825.302(a)). If 30 days notice is not practicable, even though the need is foreseeable, notice must be given as soon as practicable. Id. Wackenhut contends that Dean's notice did not meet the timing of the required notice because "Dean did not submit her request for leave at least 30 days in advance of her initial prenatal visit." Doc. 124 at 8. Wackenhut's argument is unavailing for two reasons. First, Wachenhut introduced absolutely no evidence at trial that it denied Dean's request for leave because she failed to comply with the FMLA's 30-day notice requirement. Second, Wackenhut expressly disavowed the FMLA's 30-day requirement in pretrial proceedings in this case. In its trial brief filed prior to trial, Wackenhut stated that its policy regarding the timing of an employee's required notice, "is less rigid than the federal mandate" of 30 days. Doc. 86 at 4. Wackenhut's trial brief stated: "While Wackenhut requires advance notice of foreseeable leave circumstances, it does not stand on the statutory thirty (30) day notice requirement, preferring instead to let the circumstances which arise dictate what advance notice is necessary." Id. At his deposition in this case, Anthony Cano, Wackenhut's supervisor for the Chicago Loop region, was specifically asked whether Wackenhut had a requirement that a request for leave be submitted 30 days in advance. Doc. 32-6 at 18. Cano testified that "[t]here is no requirement." Id. at 19.

The Wackenhut representatives at trial testified that Dean's leave request dated December 7, 2006 was denied as untimely solely because she failed to request leave before October 31, 2006 per Wackenhut's memorandum of October 6, 2006. Trial Tr. 164, 166, 211, 236; see also Def's Exhs. 1, 5. Wackenhut's memorandum to all security officers dated October 6, 2006 required that employees request "vacation/personal days" off for the weeks of December 18, 2006 through January 2, 2007 by October 31, 2006. Def's Exh. 1. The memorandum stated that Wackenhut "will only be able to approve what we can for those weeks, this will be a first come first serve bases

so anything after Oct. 31. will not be approved." Id. By denying Dean's December 7, 2006 request for FMLA leave to attend a prenatal appointment on December 27, 2006 as untimely because the request was not made before October 31, 2006, Wackenhut impermissibly required more than 30 days' advance notice. Gilliam v. United Parcel Service, Inc., 233 F.3d 969, 971 (7th Cir. 2000) (stating "an employer may not insist on more than 30 days' notice.").[3]

The only other evidence presented at trial regarding Wackenhut's FMLA notice requirement was a deadline of two weeks advance notice prior to taking leave. Trial Tr. 65, 164, 179, 190, 211; Def's Exhs. 4, 15. The Wackenhut "Employee Request for Time Off" form properly used by Dean to request leave states that "[a]ll requests for time off are to be submitted to the SITE SUPERVISOR at least TWO WEEKS in advance . . . ." Dean's December 7, 2006 leave request was submitted more than two weeks prior to the date she requested off of December 27, 2006. Trial Tr. 211; Def's Exh. 4.

Wachenhut next argues that Dean failed to comply with its medical certification requirement, which Wackenhut contends is part of its "usual and customary notice and procedural requirements for requesting leave." Doc. 124 at 8-9. An employer is entitled to enforce compliance with its "usual and customary notice and procedural requirements" regarding FMLA leave. Righi, 632 F.3d at 406; 29 C.F.R. § 825.302(d) (2007). "[A]n employee's failure to comply with his employer's internal leave policies and procedures . . . forecloses an FMLA claim." Righi, 632 F.3d at 411. Wackenhut's memorandum dated October 6, 2006 regarding "vacation and personal days for the holidays" stated: "If you happen to call off during those weeks [Nov. 20-26 or Dec. 18-Jan. 2, 2007] you MUST HAVE A DOCTORS NOTE or other documentation stating why you had to be off. If you don't provide any there will be other action taken." Def's Exh. 1. Wackenhut argues that Dean's failure to provide a doctor's note or other certification to support her request for time off forecloses

---

[3] Wackenhut has never explained how Dean could reasonably be expected to act within the October 31, 2006 deadline when she first learned that she was pregnant in November 2006.

her FMLA interference claim. Doc. 124 at 8-9.

Wackenhut's medical certification argument is problematic on a number of levels. The main problem is that Wackenhut did not deny FMLA leave to Dean based on the certification requirement. The evidence at trial established that Wackenhut denied Dean's request for leave solely because it was made after the October 31 deadline. Trial Tr. 164, 211, 236; see also Doc. 86 at 1-2. The second problem is that Wackenhut never properly triggered the duty to provide medical certification. As this Court has previously explained in this case (doc. 88 at 2), an employer may require that the need for leave be supported by the certification of a health care provider, 29 U.S.C. § 2613(a), but the employer must provide the employee with written notice regarding the requirements for providing medical certification and the consequences of failing to do so after the notice of the need for leave is given by the employee, 29 C.F.R. §§ 825.301(b) & (c), 825.305. "After an employee requests leave for a serious health condition, the employer may request certification by the employee's health care provider." Phillips v. Quebecor World RAI, Inc., 450 F.3d 308, 312 (7th Cir. 2006). There was no evidence presented at trial suggesting that Wackenhut properly requested medical certification after Dean's December 7, 2006 request for leave as required by the applicable regulations. All the evidence at trial indicated that Wackenhut did not request medical certification or a doctor's note after Dean's December 7, 2006 request for leave. Trial Tr. 69, 76, 167, 211-12. Because there was no evidence presented that Wackenhut requested medical certification pursuant to the requirements of the FMLA, Dean's failure to present a doctor's note confirming her prenatal appointment does not foreclose her FMLA interference claim. Branham v. Gannett Satellite Information Network, 619 F.3d 563, 574 (6th Cir. 2010) (holding employer was not permitted to deny leave "based on [its] certification requirement when it never properly requested certification or informed [employee] of the consequences of failing to provide the same, as required by Department of Labor regulations."); Armfield v. Key Plastics, LLC, 2011 WL 3022253, at * (N.D. Ind. July 22, 2012) (stating "an employer may not fail to notify an

employee of expectations, obligations, and consequences, and then avoid liability because the employee has failed to meet those uncommunicated expectations and obligations.").

Even if Wackenhut had sufficiently activated Dean's certification duty, a final problem remains with Wackenhut's reliance on a certification requirement. Although an employer may require an employee to "comply with the employer's usual and customary notice and procedural requirements for requesting leave . . . . failure to follow such internal employer procedures will not permit an employer to disallow or deny an employee's taking FMLA leave if the employee gives timely verbal or other notice." 29 C.F.R. § 825.302(d). Dean's leave request dated December 7, 2006 provided timely notice to satisfy the "verbal or other notice" requirement of this regulation. Thus, Wackenhut would not have been permitted to deny Dean's leave request based on a failure to follow its notice and procedural requirements.

In its next challenge to the notice element, Wackenhut contends that Dean did not fulfill her obligation under the FMLA because she failed to consult with Wackenhut prior to making her initial prenatal appointment and failed to make a reasonable effort to schedule her appointment so as not to disrupt Wackenhut's 2006 holiday operations at the Rookery. The FMLA required Dean to "consult with the employer and make a reasonable effort to schedule the leave so as not to disrupt unduly the employer's operations, subject to the approval of the health care provider." 29 C.F.R. § 825.302(e). Based on § 825.302(e), Wackenhut contends that Dean failed to submit her request for time off so as not to unduly disrupt Wackenhut's 2006 holiday operations. Wackenhut's argument is based on Dean's failure to comply with its October 31, 2006 deadline "that required early requests to preempt staffing shortage problems that arose during previous holiday seasons." Doc. 124 at 10. Again, this is not a valid basis for challenging the sufficiency of Dean's notice because it was not permissible under the FMLA for Wackenhut to require more than 30 days' notice. Gilliam, 233 F.3d at 971.

Moreover, Wackenhut did not deny Dean FMLA leave because she failed to consult with Wackenhut prior to making her prenatal appointment but rather because she failed to meet Wackenhut's October 31, 2006 deadline for requesting leave during the 2006 holiday period. Wackenhut presented no evidence from which a reasonable jury could infer that it would have granted Dean leave on December 27 even if Dean had consulted with it prior to making the appointment because Dean did not even learn she was pregnant until November 2006, after the October 31, 2006 deadline. There was also no evidentiary basis for a reasonable jury to find that Dean did not make a reasonable effort to schedule her appointment so as not to disrupt Wackenhut's operations. At trial, Cano testified that on December 26, just one day before Dean's scheduled appointment, he told Dean that Wackenhut would work with her to accommodate her request for time off after the 2006 holiday period. Trial Tr. 166-67; 181-82. Dean testified that she then unsuccessfully attempted to reschedule her appointment, and there was no contradictory evidence on this point. Trial Tr. 129-31. The trial record shows that Dean complied with the requirement to decrease the burden of her absence by giving more than two weeks notice in advance of the date she needed leave, as she was obligated to do by Wackenhut's notice requirement.

The fifth and last prong of the FMLA interference test is also met. "Interfering with" the exercise of any employee's rights includes refusing to authorize FMLA leave and discouraging an employee for using such leave. 29 C.F.R. § 825.220(b). Wackenhut refused to authorize Dean's request for FMLA leave for prenatal care. By requiring more than 30 days' notice for FMLA leave, Wackenhut wrongly denied Dean FMLA benefits to which she was entitled. 29 U.S.C. §2615(a)(1) (stating "[it] shall be unlawful for any employer to . . . deny the exercise of . . . any right provided under this subchapter.").

Although Dean's request for leave under the FMLA was wrongly denied, Dean must still show prejudice from Wackenhut's interference with her FMLA rights to obtain relief on her

interference claim. Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002) (holding the FMLA "provides no relief unless the employee has been prejudiced by the violation."); Franzen v. Eillis Corp., 543 F.3d 420, 426 (7th Cir. 2008). Dean has not established that she was harmed by Wackenhut's denial of her FMLA leave or any other interference with her rights under the FMLA. Dean did not allege that she was damaged in any way by Wackenhut's improper refusal to approve her FMLA leave on December 27. Dean took her requested leave on December 27, and Dean did not allege that she suffered a loss of compensation or other monetary loss as a result of her absence on December 27 that she would not have otherwise suffered if her FMLA leave had been approved. The only prejudice alleged by Dean in this case was her termination, and Dean did not argue that her termination constituted an act of interference. Doc. 87 at 4-5; doc. 105 at 7-8; doc. 116 at 9.

Even if Dean had claimed that her termination constituted interference with her FMLA rights, she failed to establish a causal connection between her termination and her exercise of FMLA rights. At trial, Dean claimed that she was terminated in retaliation for taking FMLA-protected leave. Wackenhut argued that Dean was terminated for job abandonment and not the result of her taking leave. The jury apparently believed that Dean's termination was unrelated to her leave, and the jury's verdict is supported by the record.

The parties told different stories regarding Dean's departure from Wachenhut, and the jury was entitled to believe Wackenhut's verison of the facts. Wackenhut presented evidence that it was Dean's own actions in failing to contact Wackenhut and failing to show up for work after her absence on December 27 that led to her termination for job abandonment. Cano testified that he called Dean during the late afternoon of December 27 and left her a voice mail directing her to report to the office and not her job site for a counseling session on December 28. Trial Tr. 183-85; Def's Exh. 11. Cano denied telling Dean that she was terminated. Trial Tr. 175-76, 183-84. Cano testified that he again tried to contact Dean by telephone on December 28 and left her a similar

voicemail message. Trial Tr. 185; Def's Exhs. 7, 11. After December 26, 2006, Dean did not contact Wackenhut or return to work, and Wackenhut terminated her for job abandonment. Trial Tr. 188; Def's Exh. 10. This testimony provided a sufficient basis from which the jury could conclude that Dean abandoned her job by not returning voice mail messages left by Cano or returning to work after attending her prenatal appointment. Dean believed she had been fired by Wackenhut for not showing up to work on December 27. Dean testified that while at her prenatal appointment she received a voice mail message from either Cano or Tom McAuliffe terminating her employment and she never heard from Wackenhut again. Trial Tr. 80-83. It was not unreasonable for the jury to credit Wackenhut's version of events–that Dean did not return voice mail messages left on December 27 and 28 directing her to report to the office upon her return work and failed to return to work after her December 27 prenatal appointment. "[W]here, as here, a jury was faced with weighing the credibility of the witnesses, 'neither side is entitled to judgment as a matter of law unless objective evidence shows that it would be unreasonable to believe a critical witness for one side.'" Burger v. International Union of Elevator Constructors Local No. 2, 498 F.3d 750, 753 (7th Cir. 2007). The jury believed Wackenhut's version of events concerning Dean's termination, and there is no basis to disturb the jury's verdict. Because the jury believed Dean's dismissal was based on conduct independent of her taking leave and exercising her FMLA rights (*i.e.*, her failure to return Wackenhut's phone calls or return to work following her prenatal appointment), she is not entitled to damages from her termination for job abandonment. Franzen, 543 F.3d at 426-28. Dean suffered no damages as a result of Wackenhut's technical violation of the FMLA, and her interference claim fails.

**B.    New Trial**

Dean also moves for a new trial pursuant to Federal Rule of Civil Procedure 59(a). A motion for new trial should only be granted if the verdict is against the weight of the evidence, the

damages are excessive, or other reasons exist as to why the trial was not fair to the moving party. Pickett v. Sheridan Health Care Center 610 F.3d 434, 440 (7th Cir. 2010). In considering a motion for a new trial, a trial court "has the power to get a general sense of the weight of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial." Mejia v. Cook County, Illinois, 650 F.3d 631, 633 (7th Cir. 2011). "If, after evaluating the evidence the district court is of the opinion that the verdict is against the manifest weight of the evidence, a new trial is warranted." Id.

Dean contends that the jury's verdict on her Title VII and FMLA retaliation claims was against the manifest weight of the evidence. To prevail on her pregnancy discrimination claim, Dean had to "show that she was treated differently because of her pregnancy." Geier v. Medtronic, Inc., 99 F.3d 238, 241 (7th Cir. 1996). On her FMLA retaliation claim, Dean had to prove that "the protected conduct [using FMLA leave] was a substantial or motivating factor in the employer's decision." Goelzer v. Sheboygan County, Wis., 604 F.3d 987, 995 (7th Cir. 2010). Dean says "[w]hether Dean was terminated (as she contends) or merely going to be disciplined if she returned (as Wackenhut contends) show that protected factors (pregnancy and an FMLA covered medical leave request) motivated Wackenhut decisions in regard to Dean." (Doc. 105 at 15). Dean's argument misses the point because Dean was not disciplined as a result of her failure to appear for work on December 27. The fact that Wackenhut planned to discipline Dean for her absence on December 27 when she returned to work does not necessarily mean that Wackenhut later terminated Dean for taking leave on December 27. At trial, the parties sharply disputed the reason for Dean's termination. The jury was entitled to believe that Dean was fired for job abandonment and not because of her pregnancy or in retaliation for her taking FMLA protected leave on December 27. Wackenhut presented sufficient evidence to provide the jury a reasonable basis to find in its favor on the Title VII and FMLA retaliation claims. The verdict on these claims was not against the manifest weight of the evidence.

Dean's request for a new trial on her FMLA interference claim is on the same basis that she seeks judgment as a matter of law.  The Court has rejected Dean's request for judgment as a matter of law based on the lack of prejudice from Wackenhut's interference with her FMLA rights.  Dean has not cited any other ground for a new trial on this claim or identified any particular trial error relating to this claim.  Dean's motion for a new trial is denied in its entirety.

## CONCLUSION

For the reasons set forth above, Plaintiff Shervon Dean's Rule 50(a) Motion for Judgment as a Matter of Law [98] is denied and Plaintiff Shervon Dean's Renewed Motion for Judgment as a Matter of Law or in the Alternative a Motion for New Trial [105] is denied.  Defendant The Wackenhut Corporation's oral motion for judgment as a matter of law dated December 7, 2011 is denied as moot in light of the jury verdict.

**E N T E R:**

*/s/ Nan R. Nolan*

**Nan R. Nolan**
**United States Magistrate Judge**

**Dated:  May 4, 2012**